IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES BROWN,

    Plaintiff,

vs.                                 Case No. 4:09cv455-RH/WCS

FREDRICK B. DUNPHY, et al.,

    Defendants.

                                /

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, filed an amended civil rights complaint, doc. 11, on January 28, 2010. Plaintiff's amended complaint has been reviewed as is required by 28 U.S.C. § 1915A.

Plaintiff complains that the Florida Parole Commission has denied him meaningful parole consideration (a procedural due process claim) and equal protection of law. Doc. 11, Counts I and II.

As a part of Count III, Plaintiff also contends that Commissioner Dunphy was reappointed, and his appointment "runs afoul of the diversity and minority representation requirement of Florida law." Doc. 11, ¶ 19. Plaintiff argues that since the Commission

will cease to exist when all parole eligible prisoners cease to exist, its decisions are inherently biased toward its own self-preservation. *Id.*, ¶ 25. He alleges that denial of parole as an act of job preservation harms African-Americans in general since most of the residual parole-eligible prisoners are African-Americans. *Id.*, ¶ 23. In Count III, therefore, Plaintiff alleges that Governor Crist is liable "under a theory of supervisory liability" for failing to correct these problems. *Id.*

Count I, the due process claim, fails to state a claim upon which relief may be granted. In Florida, parole "is left to the discretion of the [Parole] Commission . . . ." Jonas v. Wainwright, 779 F.2d 1576, 1577 (11th Cir. 1986), *citing* Moore v. Florida Parole & Probation Comm'n, 289 So. 2d 719 (Fla. 1974); Paschal v. Wainwright, 738 F.2d 1173, 1180 (11th Cir. 1984). "There is no constitutional right to parole in Florida." Jonas, 779 F.2d at 1577, *citing* Hunter v. Florida Parole & Probation Comm'n, 674 So. 2d 847, 848 (11th Cir. 1982).[1] Procedural due process does not apply.

Count II, the equal protection claim, likewise fails. To establish an equal protection clause violation, a plaintiff must prove that a particular action was motivated by discriminatory intent or purpose. Village of Arlington Heights v. Metropolitan Housing Development, 429 U.S. 252, 265, 97 S.Ct. 555, 563, 50 L.Ed.2d 450 (1977). Essential to the claim is a showing that some other group of prisoners were similarly situated but treated differently. *E.g.* Fuller v. Georgia State Board of Pardons and Paroles, 851 F.2d 1307 (11th Cir. 1988); Damiano v. Florida

---

[1] "It is the intent of the Legislature that the decision to parole an inmate from the incarceration portion of the inmate's sentence is an act of grace of the state and shall not be considered a right." FLA. STAT. § 947.002(5).

Parole and Probation Com'n, 785 F.2d 929, 932 (11th Cir. 1986). Cf. McCleskey v. Kemp, 481 U.S. 279, 107 S.Ct. 1756, L.Ed.2d 262 (1987). Plaintiff has not alleged how he has been treated differently with respect to parole than other prisoners, similarly situated.

Count III, the supervisory liability claim against Governor Crist fails to state a claim upon which relief may be granted. Plaintiff has not alleged standing to complain generally about the continued existence of the Parole Commission, or the Governor's role in that continued existence. Plaintiff has not alleged the specifics of actual bias influencing a decision by the Commission in his own case. Reappointment of Commissioner Dunphy is not evidence of a discrimination against Plaintiff. Moreover, that appointment was not made by Governor Crist. It was the unanimous decision of the Board of Executive Clemency, which consists of the Governor, Attorney General, and the Chief Financial Officer.

Accordingly, it is **RECOMMENDED** that Plaintiff's amended complaint, doc. 11, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on February 10, 2010.

                                                s/ William C. Sherrill, Jr.
                                                **WILLIAM C. SHERRILL, JR.**
                                                **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**